UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| PATRICIA LYNN RYAN, | ) |
| | ) |
|     Plaintiff | ) |
| | ) |
| v. | ) 1:12-cv-00251-GZS |
| | ) |
| BUCKSPORT REGIONAL HEALTH CENTER, | ) ) |
| | ) |
|     Defendant | ) |

**ORDER RE: MOTION FOR PROTECTIVE ORDER (ECF No. 17)**

The plaintiff in this action is seeking a protective order that will spare her the need to travel from Palm Springs, California to Bangor, Maine for her deposition. She estimates the cost of the trip at approximately $3,900.00 with three days of lost wages included in her calculations. There is no question but that the defendant has correctly cited the general rule that "the plaintiff has selected the forum and should not be heard to complain about having to appear there for a deposition." Shockey v. Hutamaki, Inc., 280 F.R.D. 598, 600 (D. Kan. 2012); see also 8A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2112 (2d ed. 2009). However, plaintiff argues that she has shown good cause under Rule 26(c) of the Federal Rules of Civil Procedure and that therefore a protective order should issue which would allow her to bear the additional costs associated with a seven-hour deposition conducted through a video conferencing mechanism such as Skype in lieu of appearing for deposition in Maine. There is no dispute but that the Court has the discretion to issue protective orders to avoid "undue burden or expense" incident to discovery. In re San Juan Dupont Plaza Hotel Fire Litigation, 859 F.2d 1007, 1011 n.3 (1st Cir. 1988). Additionally, pursuant to Rule 30(b)(4) of the Federal Rules of

Civil Procedure, the Court has the power to order that a deposition may be taken by remote means such as requested by the plaintiff in her motion.

The issue that remains is whether the plaintiff has demonstrated good cause or has merely shown that she will incur the ordinary expense and inconvenience associated with travelling to the forum she selected.  Webb v. Green Tree Servicing LLC, 283 F.R.D. 276, 279 (D. Md. 2012).  The defendant argues, fairly persuasively, that the expenses quoted by the plaintiff for airfares and hotel stay in Bangor, Maine are inflated and that her child care costs could be further mitigated by scheduling the deposition for a Friday or a Monday around a weekend when the plaintiff's husband could be home with the children for at least one of the three days she would have to be away from home.  Contrary to the oral statements I thought were made during a telephone conference call, it does not appear that the plaintiff's spouse is a full-time student who does not reside with the family.  Rather, the affidavit suggests he is employed as a wildlife biologist in the Las Vegas, Nevada area and will return home approximately every other weekend.  (Affidavit ¶ 2, ECF No. 17-1.)

Nor has plaintiff made a very convincing showing of any undue financial hardship or job related difficulties.  Although plaintiff claims she will lose at least three days' pay associated with the Maine deposition, she also chose to use her 30 hours of accumulated vacation time over the recent holiday period rather than saving it for a possible trip east.  Her conclusory claim, "[i]f I am absent from work there is no other employee who can replace me," appears illusory since she just used 30 hours of vacation time.  (Id. ¶ 1.)  Notably, the affidavit and accompanying documentation provide no information about the family's financial situation.  I am unable to fairly assess the credibility of the plaintiff's statement that she "cannot afford the $3,973.00,"

2

even if I accept the reliability of what appears to me to be an inflated figure regarding travel costs. (Id. ¶ 11.)

On the other hand, the plaintiff has shown that she has four children under the age of 11 and that obtaining 24/7 child care arrangements for even a two-day period of absence would be extremely difficult. (Id. ¶¶ 2, 3.) Her current nanny has family responsibilities of her own and could not leave her own family for long periods of time. (Id. ¶ 3.) While the showing she has made is not one of traditional hardship in the financial sense, it does demonstrate good cause for not requiring plaintiff to return to Maine for her deposition. A cross country airline trip is not an easy undertaking under the best of circumstances and to require plaintiff to plan such a journey, especially during winter months when weather delays are extremely common, would be an unnecessary interruption to her family and cause more than the ordinary inconvenience and cost associated with litigation. This is especially true when one considers the interplay between the plaintiff's burden under Rule 26(c) and the Court's inherent power under Rule 30(b)(4) to order a deposition by remote means. Generally a party opposing a deposition by remote means has the burden to establish good cause as to why it should not be conducted in such a manner. Brown v. Carr, 253 F.R.D. 410, 412 (S.D. Tex. 2008).

If this were any deposition other than the plaintiff's and the burden were entirely on the defendant to show good cause why it should not be taken by the electronic means suggested, this case would be easily decided. Defendant has shown absolutely no prejudice. He will be able to see the plaintiff during the deposition. The case is not document intensive and the relevant medical and personnel records can be forwarded to the plaintiff for her to use during the deposition. Any costs, other than the normal cost of obtaining the services of the court reporter, will be borne by the plaintiff. The only factor in defendant's favor is the general rule that a

plaintiff should be required to travel to the forum she selected. However, in this employment discrimination action brought against a Maine entity that allegedly terminated the plaintiff without cause based upon a medical disability, the plaintiff did not exactly select to file suit in Maine as opposed to another forum because she did not have an alternative choice of forum. Furthermore, the rationale underlying the requirement that the plaintiff should have to return to the forum she selected is based at least in part on the theory that a defendant should not be expected to incur the additional expense of traveling to a remote location in order to obtain a deposition that the plaintiff is required by law to provide. In this case the protective order I intend to enter will insure that the defendant bears no additional cost associated with this deposition. In this era of reliable electronic video connections, expensive and unreliable air transportation,[1] and significant environmental impacts occasioned by unnecessary travel, Rule 30(b)(4) should be liberally employed whenever practicable in order to effectuate the purpose of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 1 (declaring that "the rules should be construed and administered to secure the just, speedy, and *inexpensive* determination of every action and proceeding") (emphasis added).

Based on the foregoing, the plaintiff's motion is granted, subject to the following conditions:

> 1)   It shall be plaintiff's counsel's responsibility to arrange for a certified California court reporter to be present with the plaintiff; the court reporter shall be familiar with the technology of the means of transmission and shall insure that a reliable connection, including a land line telephone connection if deemed appropriate, is used for the deposition and that a video image simultaneously accompanies the audio transmission;

---

[1]   It is worth noting that both Bangor and Palm Springs are smaller, more regional airports rather than hub facilities. A flight from Los Angeles to Atlanta, for example, might not trigger the same sort of transportation concerns.

4

2)      Plaintiff's counsel shall arrange in his office (unless defendant chooses to use his own office equipment) for transmission of the image onto a 22" or larger screen;

3)      Plaintiff's counsel, after conferring with defendant's counsel, shall insure that the plaintiff has copies of all necessary documentation with her at the deposition and that the plaintiff is familiar with the documentation and will be able to locate pages by bates number if referred to by such identification;

4)      Any costs associated with this procedure, other than the rate that defendant's counsel would pay to a Maine court reporter for services and a transcript or video of the deposition (depending upon the options selected), shall be borne by the plaintiff, *e.g.*, if the California rates are higher than what the defendant would normally pay in Maine, the plaintiff shall bear the additional expense;

5)      In the event of technological difficulties making it impossible to complete the deposition, the plaintiff shall bear all costs associated with the failed attempt and shall be required to travel to Maine in order to complete her deposition.

## CERTIFICATE

Any objections to this Order shall be filed in accordance with Federal Rule of Civil Procedure 72.

*So Ordered.*
Dated: January 2, 2013                    /s/ Margaret J. Kravchuk
                                          U.S. Magistrate Judge